IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WOODMONT TERRELL, LP** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **TANGER TERRELL, LLC, and** | § | |
| **TANGER FACTORY OUTLET** | § | |
| **CENTERS, INC.** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Woodmont Terrell, LP ("Woodmont") files this lawsuit to recover damages caused by the actions of Defendants Tanger Terrell, LLC ("Tanger") and Tanger Factory Outlet Centers, Inc. ("Tanger Factory"), and would show the Court as follows:

### I.   PARTIES

1. Plaintiff, Woodmont Terrell, LP ("Woodmont") is a limited partnership whose partners are all citizens and residents of the State of New York.

2. Defendant, Tanger Terrell, LLC ("Tanger") is a limited liability company whose members, upon information and belief, are all members of the State of North Carolina, and who may be served with process through its registered agent, found at 3200 Northline Avenue, Suite 360, Greensboro, North Carolina, 27408.

3. Defendant, Tanger Factory Outlet Centers, Inc. ("Tanger Factory") is a North Carolina corporation with its principal place of business in North Carolina, and who may be served with process through its registered agent, found at 3200 Northline Avenue, Suite 360, Greensboro, North Carolina, 27408.

## II. JURISDICTION AND VENUE

4. Subject matter jurisdiction lies in this Court under 28 U.S.C. § 1332 because this case is between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Tanger and Tanger Factory because the claims alleged herein arise out of their doing business in Texas and out of misrepresentations made by them in Texas.

6. Venue lies in this Division and this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in the Division and this District.

## III. STATEMENT OF FACTS

7. On or around May 8, 2020, Woodmont and Tanger entered into a Shopping Center Purchase Agreement ("the Agreement") under which Woodmont agreed to purchase from Tanger certain real property located in Kaufman County, Texas. A true and correct copy of the Agreement is attached as Exhibit 1.

8. In connection with the Agreement, and more specifically in Section 11.2, Exhibit D, and Exhibit F, ¶ 2 of the Agreement, Tanger represented and warranted to Woodmont that one of the leases at the subject property was a lease with Torrid, LLC ("Torrid") for Suite 221A, containing approximately 2800 square feet, with a lease term through January 31, 2025 and with a monthly rent of $9,358.45 to be escalated through the term. The Rent Roll attached as Exhibit D to the Agreement, prepared on May 4, 2020, and the updated Rent Roll delivered at closing, a true and correct copy of same being attached as Exhibit 2, both so stated.

9. Pursuant to Exhibit H, ¶ 13 of the Agreement, Tanger agreed to indemnify Woodmont for all losses and damage, including attorney's fees, incurred by Woodmont as a result

of the warranties and representations made by Tanger regarding the Torrid lease being materially untrue or inaccurate.

10. The aforesaid representations made on behalf of Tanger under the Agreement were made by representatives of Tanger and by representatives of Tanger Factory.

11. The aforesaid representations were made by representatives of Tanger and Tanger Factory with knowledge that these representations would be relied upon by Woodmont.

12. After Woodmont closed on the Agreement, it learned that Tanger's warranties and representations regarding the Torrid lease were materially untrue and inaccurate. Wholly contrary to Tanger's aforesaid contractual representation and warranty and wholly contrary to Tanger's and Tanger Factory's numerous representations to Woodmont throughout the transaction, the Torrid Lease for Suite No. 221A had been terminated back in December 2019 and, at the time of the closing, Tanger had been negotiating a new lease with Torrid that provided for rent of less than half of what had been represented to Woodmont and for a far shorter term than what had been represented to Woodmont.

13. On September 3, 2020, in order to mitigate its damages, Woodmont entered into a Second Lease Agreement with Torrid providing for a term expiring on December 31, 2021 and a monthly rental equal to the greater of $2,500.00 per month or 8% of gross sales at the subject property. (As pre-pandemic gross sales had averaged only around $50,000 per month, it is unlikely that 8% of gross sales will exceed $2500 per month). Upon information and belief, these are the new lease terms to which Tanger had orally agreed prior to closing.

14. Damages to Woodmont proximately caused from Tanger's breach aforesaid will exceed $300,000 over the term of the supposed lease represented by Tanger and relied upon by Woodmont.

15. Woodmont did not have any knowledge, actual or otherwise, regarding the true status of the Torrid lease misrepresented by Tanger in its Rent Rolls and otherwise regarding the status of Tanger's Lease with Torrid.

16. Upon information and belief, Tanger intentionally misrepresented to Woodmont, in its Rent Rolls and otherwise, the status of its Lease with Torrid, and/or its representations on this subject were made fraudulently.

## IV. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT/BREACH OF WARRANTY/INDEMNIFICATION

17. In support of this Count, Woodmont realleges, as if more fully set forth herein, all the preceding allegations in this Complaint.

18. This is an action against Tanger for breach of contract by its breach of warranty and indemnification pursuant to the Agreement.

19. Tanger has breached its representation and warranty regarding the status of its lease with Torrid, and as a result Woodmont has suffered damages. Tanger must indemnify Woodmont for those damages in an amount exceeding $100,000.

20. The $100,000 indemnification damages cap set forth in the Agreement does not apply because, upon information and belief, Tanger intentionally misrepresented to Woodmont, in its Rent Rolls and otherwise, the status of its Lease with Torrid, and/or its representations on this subject were made fraudulently.

### COUNT II
### FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION

21. In support of this Count, Woodmont realleges, as if more fully set forth herein, all the preceding allegations in this Complaint.

22.     This is an action against Tanger and Tanger Factory for intentional and/or negligent misrepresentation.

23.     High ranking officials of Tanger and Tanger Factory made the foregoing representations to Woodmont with the intent of inducing Woodmont to rely on those misrepresentations, *inter alia,* by contracting to purchase and by closing on the purchase of the property which was the subject of the Agreement.

24.     The aforesaid misrepresentations were made intentionally and/or, at the minimum, negligently.

25.     Woodmont has relied to its detriment and/or it has been damaged by virtue of the complained of misrepresentations.

## V.   PRAYER

WHEREFORE, Woodmont prays that the Court enter a judgment against Tanger and Tanger Factory, awarding Woodmont:

  a. actual compensatory damages arising from the losses suffered by Woodmont resulting from Tanger and Tanger Factory's wrongful conduct as alleged;

  b. pre- and post-judgment interest;

  c. costs and expenses of bringing this action;

  d. reasonable attorneys' fees pursuant to Exhibit H, ¶ 14 of the Agreement; and

  e. any other relief as this Court deems just and proper.

Respectfully submitted,

**FROST BROWN TODD LLC**

By:  */s/ Ben A. West*

Ben A. West
State Bar No. 24084074
bwest@fbtlaw.com
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

Barry D. Hunter
**FROST BROWN TODD LLC**
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
Tel.:    (859) 231-0000
bhunter@fbtlaw.com

**ATTORNEYS FOR PLAINTIFF
WOODMONT TERRELL, LP**

0142949.0730714   4824-8199-9309v1